Roger L. Grandgenett II, Esq.
NV Bar No. 6323
Kelsey E. Stegall, Esq.
NV Bar No. 14279
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada  89169.5937
Tel:  702.862.8800
rgrandgenett@littler.com
kstegall@littler.com

Attorneys for Defendant
TATA CONSULTANCY SERVICES LIMITED

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SELVA KUMAR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TATA CONSULTANCY SERVICES LIMITED,<br><br>　　　　　Defendant. | Case No. 2:24-cv-02256-CDS-EJY<br><br>**STIPULATION TO STAY DISCOVERY**<br><br>**(FIRST REQUEST)** |

　　　　Plaintiff SELVA KUMAR ("Plaintiff") and Defendant TATA CONSULTANCY SERVICES LIMITED ("Defendant" or "TCS") (collectively the "Parties") by and through their undersigned counsel, do hereby stipulate and request that the Court stay discovery until an Order is issued on Defendant's Motion to Compel Arbitration, (ECF No. 18).

　　　　Courts have broad discretionary power to control discovery including the decision to allow or deny discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also* Fed. R. Civ. P. 26(c)(1) (providing that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding disclosure or discovery).  In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action."  With Rule 1 as its prime

LITTLER MENDELSON, P.C.
3960 Howard Hughes Pkwy
Suite 300
Las Vegas, NV  89169.5937
702.862.8800

4933-5767-1983 / 123733.1013

directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

The case law in this district makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). This "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). While addressing motions to dismiss filed pursuant to Rule 12(b)(6), courts have noted that they are "not ordinarily a situation that in and of itself would warrant a stay of discovery." *See, e.g., Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). However, once a court is considering whether to grant a motion to compel arbitration, "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Miceli v. Citigroup, Inc.*, 2016 WL 1170994, 2 (D. Nev. 2016) (citing *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *see also Sparking v. Hoffman Construction Co.*, 864 F.2d 635, 638 (9th Cir. 1988)). Indeed, once a motion to compel arbitration has been filed, a stay of discovery is warranted because, requiring the parties to engage in discovery "would cause the party seeking to enforce the arbitration clause to be deprived of the inexpensive and expeditious means by which the parties had agreed to resolve the disputes." *Miceli*, 2016 WL 1170994, 2 (citing *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)).

The Parties agree that Defendant's Motion to Compel Arbitration, (ECF No. 18**),** warrants a stay in discovery. First, the Motion is potentially dispositive of the entire case against TCS. TCS contends that Plaintiff is precluded from litigating his claims in this Court because he entered into an Arbitration Agreement in which he agreed to arbitrate his claims that might arise out of his

LITTLER MENDELSON, P.C.
3960 Howard Hughes Pkwy
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

2

4933-5767-1983 / 123733.1013

employment with TCS. As the Court is aware, the Federal Arbitration Act ("FAA") "leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Accordingly, TCS has requested that Plaintiff be compelled to arbitrate his claims against TCS. Plaintiff filed an Opposition and disputed the legal arguments made in TCS's Motions. However, the Parties agree that the Motion is of the type warranting a stay of discovery, and the Parties should reserve their efforts and resources for potential arbitration.

Second, no party will suffer hardship or inequity as a result of a stay because discovery is unjustified at this point. The Parties agree that discovery is not necessary prior to the Court's resolution of the legal issues raised by Defendant's Motion to Compel Arbitration. Where, as here, an arbitration agreement governed by the FAA covers a dispute, resolving that dispute is exclusively committed to the arbitral forum. Allowing discovery to proceed would be contrary to the FAA itself, the national policy favoring arbitration, and a long line of cases upholding arbitration agreements.

Third, similar to the situation in *Little*, this is a case where a temporary stay of discovery will further the goals of judicial economy, control of the Court's docket, and an inexpensive determination of the case. 863 F.2d 681. Ordering the Parties to proceed with discovery could potentially clog the Court's docket with discovery disputes on claims that may be dismissed through compelled arbitration. Additionally, the Court has recognized the importance of resolving arbitration issues at the earliest possible stage in litigation as a way of furthering the inexpensive determination of the case. Additionally, the stay is requested for a limited and reasonable amount of time—until the Court decides TCS's Motions.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
3960 Howard Hughes Pkwy
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

3

4933-5767-1983 / 123733.1013

For the foregoing reasons, the Parties request a stay of all discovery until an Order is issued on TCS's Motion to Compel Arbitration.

Dated: March 28, 2025

Respectfully submitted,

/s/ Guinness Ohazuruike
GUINNESS OHAZURUIKE, ESQ.
GUINNESS LAW FIRM

*Attorney for Plaintiff*
SELVA KUMAR

Dated:  March 28, 2025

Respectfully submitted,

ROGER GRANDGENETT, ESQ.
KELSEY E. STEGALL, ESQ.
LITTLER MENDELSON, P.C.

*Attorneys for Defendant*
TATA CONSULTANCY SERVICES LIMITED

**IT IS SO ORDERED.**

Dated:  March 31, 2025

UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
3960 Howard Hughes Pkwy
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

4

4933-5767-1983 / 123733.1013